IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAD RUSCIO | : CIVIL ACTION |
| Plaintiff | : |
| v. | : NO: |
| ARETE PROVIDER NETWORK, INC. and LAMAN P. MILNER, | : |
| Defendants | : |

**COMPLAINT AND JURY DEMAND**

I. **PRELIMINARY STATEMENT**

1. This is an action by Plaintiff, Brad Ruscio, against Defendants, Arete Provider Network, Inc., and Laman P. Milner, to recover compensatory damages arising out of the Defendants' failure to renumerate Plaintiff for services rendered as an employee of Defendant, Arete Provider Network, Inc.

2. This action arises under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL") and under common law for unjust enrichment, and is brought by Plaintiff seek redress arising out of Defendants failure to compensate him during his tenure of employment.

II. **JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332, on the basis of diversity citizenship between the parties. The amount in controversy is in excess of $75,000.00, exclusive of interest and costs

4. Venue is proper under 28 U.S.C. §1391, in that as the Plaintiff and Defendant entered into an employment agreement within the Eastern District of Pennsylvania, Plaintiff performed all of his duties and functions within the Commonwealth of Pennsylvania, and Plaintiff regularly transacted business through email and other means of communications with both Defendants therein.

### III.     PARTIES

5. Plaintiff, Brad Ruscio, is an individual and citizen of the Commonwealth of Pennsylvania residing therein at 206 Julie Road, Chalfont, Pennsylvania.

6. Defendant, Arete Provider Network, Inc. ("APN"), was and is now a corporation duly organized and existing under the laws of the State of Utah, with a place of business located at 4760 South Highland Dr., Suite 237, Salt Lake City, Utah.

7. Defendant, Laman P. Milner ("Milner"), is and was an owner and the Chief Executive Officer of Defendant, APN.  At all times relevant hereto and presently, Milner has resided at 4760 South Highland Dr., Suite 237, Salt Lake City, Utah.

8. At all times relevant hereto, the Defendants were acting through their agents, servants, and employees, who were authorized and acting within the scope of their authority, course of their employment and under the direct control of the Defendants.

### IV.     STATEMENT OF CLAIM

9. Plaintiff was employed by Defendant APN form on or about April 27, 2019, until September, 2021, when he resigned his employment.

10. During his employment, Plaintiff was to be compensated at an annual salary of $160,000 per annum, and was to receive $40,000 signing bonus and benefits.

11. Plaintiff was paid his paid his base salary for approximately two (2) months until Defendant APM ceased making regular salary payments to him. Plaintiff did not receive his signing bonus.

12. Plaintiff, and others employed by Defendant APM, were told by APM's management, including Defendant Milner, that they were securing funding for business operations and repeatedly assured its employees, including Plaintiff, that they would receive the compensation they were rightfully owed for their services.

13. In fact, throughout his employment, Plaintiff received regular updates from Defendant Milner and other executives of Defendant APM regarding the compensation they were owed.

14. One such email update on December 23, 2019 stated in pertinent part:

*Brian asked that I provide today's update which I cannot do without first wishing you all a very Merry Christmas and Happy and Safe Holidays! Personally, it has been a tough year for all but I feel so Blessed to be able to work with you all in the Mission that you helped create. Here are bullet points from today*:

- *Positive movement from the 4 interim sources ($25K, $35K, $500K and $1.2M) being prioritized to get access to as much funding as quickly as we can get it with which we will begin processing payroll, benefits, rent etc. as quickly as funds allow.*

*. . .*

*Thank you and as always, please reach out with any questions or concerns.*

*From John on behalf of the Arete Partners.*

15. On February 27, 2020 another update from management stated in pertinent part:

"*Today I received a call from Bill Gibson and Laman [Milner]. The following was confirmed:*

1) *Collateral has been secured for all transactions thus removing any barrier to moving forward;*
2) *He personally will be releasing some seed monies to move us forward;*
3) *With the larger fundings he will be working to drive schedules to closing.*

*As I've previously shared, the partners are close to finalizing budgets, expense payments and salary payments for all effected in these delays and once we have all known elements of capital schedules, we will share exact amounts for all categories. Priorities are the practices, people and then the vendors.*

*Brian [Morton]*

*Managing Partner*"

16. On March 5, 2020, Defendant APM's Management, including Defendant Milner informed staff as follows:

"*To all:*

*As has already been communicated, we have our collateral source in place. This week's efforts are centered around validating that with the multiple funding sources which should be the last step prior to releasing of funds. Based on timing of when those hit our account, we will then start to focus on priorities we have shared namely, payroll, expenses, and acquisitions. We have a detailed spreadsheet that identifies what is owed to whom for each of these categories including external vendors. We are all excited to move beyond funding challenges and moving forward to do our best in fulfilling our Mission. We will update you as funds are received. Thank you!*

   *On behalf of the Arete Founders: Jason, Laman [Milner], Brian and John*"

17. On March 25, 2020 another similar email stated in pertinent part:

"*We are providing updates listed below in bullet format:*

- *Funding efforts continue and we are awaiting the letter of intent which will start funds from multiple sources to flow. The letter of intent will outline several terms of the loan such as interest rate and amount to be collateralized. Once we have this letter, multiple interim funding sources stand ready to transfer funds. We understand*

> *all want a definitive date but we can't provide that until we have the letter of intent. We will communicate expected dates at that time which will be soon.*
> - *Given the loan will be collateralized, we will then start the catch up on our priorities we have previously communicate namely, payroll and expenses. We will move on those priorities as funding hits our account.*

*. . .*

*Thank you!*

*Arete Partners: Jason, Laman [Milner], Brian and John"*

18.    Based on these and other similar representations, Plaintiff continued to work for Defendant APM in a dutiful and competent manner until September, 2021, without compensation of any sort.

19.    Plaintiff entered into performance of his duties and continued to work diligently based upon the said representations which were made by Defendant APM's management, including Defendant Milner.

20.    Defendants realized and appreciated the benefits from Plaintiff based on the services he rendered to Defendants as the Director of Human Resources.

21.    Although Plaintiff made several inquiries of Defendants regarding his overdue compensation, which exceeded $360,000 with his guaranteed signing bonus, Defendants failed and refused to pay Plaintiff what he is rightfully owed.

22.    In addition, Defendants failed to reimburse Plaintiff for expenses he made on behalf of the Defendants in the amount of $12,000.

## COUNT I
## (WPCL)
## Plaintiff v. Defendants

23.    Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint fully set forth at length herein.

24    The actions of the Defendants through their agents, servants, and employees, in failing to compensate Plaintiff as aforesaid, constituted a violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*

25.   The Defendants' acts as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

26.   As a direct result of Defendants' willful and unlawful actions in violation of the WPCL, the Plaintiff has been deprived of earnings, a signing bonus and reimbursement of costs expended.

## COUNT II
### (Unjust Enrichment)
### Plaintiff v. Arete Provider Network, Inc.

27.   Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint fully set forth at length herein.

28.    The Defendant's actions as aforesaid constituted unjust enrichment under Pennsylvania law.

29.   The Defendant's actions as aforesaid, were intentional, willful and in reckless disregard of the Plaintiff's rights and interests.

30.   As a direct result of the Defendant's willful and unlawful actions and unjust enrichment, the Plaintiff has suffered financial losses relative thereto, including a loss of earnings, bonus, reimbursement of costs and other consequential damages relative to the Defendant's conduct.

## PRAYER FOR RELIEF

31. Plaintiff repeats the allegations of paragraph 1 through 30 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendants and order that:

(a) Defendants compensate Plaintiff all of its financial losses because of their conduct;

(b) Defendants pay to Plaintiff attorney fees and liquidated damages as allowed under the WPCL;

(c) Defendants pay to Plaintiff interest and costs of suit as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By: /s/ Kevin I. Lovitz
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(267) 319-7943 Fax
Attorney for Plaintiff,
Brad Ruscio